In re Maurice and Mollie NEMEROFF.

**Claude R. SMITH, Trustee, Plaintiff-Appellee,**

v.

**Maurice NEMEROFF and Mollie Nemeroff as Trustees of the Ronald Nemeroff Trust, et al., Defendants-Appellants.**

**Civ. A. No. 86–5148.**

United States District Court, E.D. Louisiana.

May 6, 1987.

Gordon F. Wilson, Jr., Dodge, Friend, Wilson & Spedale, New Orleans, La., for Claude R. Smith, trustee.

Sherry W. Schneider, Metairie, La., for Maurice & Mollie Nemeroff, debtors.

ROBERT F. COLLINS, District Judge.

This action is an appeal from the final judgment rendered by the United States Bankruptcy Court for the Eastern District of Louisiana. Appellate jurisdiction is vested in this Court by virtue of Title 28 United States Code section 158(a) and Bankruptcy Rule 8001(a).

The Court must decide whether the bankrupts possessed the required intent to delay, hinder or defraud creditors by the creation of irrevocable trusts and the transfer of property unto them such that the trusts are avoidable under Title 11 United States Code section 548(a).

The trusts at issue were created on May 21, 1984. The debtors transferred into these trusts personal property of substantial value consisting of jewelry, antique guns, antique china, and other objects to their children and grandchildren. The trust instruments purport to be irrevocable and terminate at the death of the debtors.

Judge Kingsmill found that the debtors made the transfers with actual intent to hinder, delay, or defraud their creditors. He based that conclusion on the following circumstances:

a. Debtors' transfer of valuable property into trusts in favor of family members occurred only a few days before the debt owing to Southern Specialty became due.

b. The trusts stipulate that their purpose is to "preserve" the property of the debtors.

c. Debtor, Mollie Nemeroff, admitted that this was the sole purpose of the trusts and that the property was transferred to the family members so that they could have the only things which the debtors owned of any value.

d. The trusts terminate at the death of settlors/debtors; therefore, they were not created for any purpose other than to protect the property during the debtors' lifetime.

e. The debtors retained possession and enjoyment of the property.

f. The debtors concealed the transfers by responding in the negative to interrogatory 12 on the Statement of Affairs filed with their Petition for Relief.

The Court agrees with the Bankruptcy Judge's conclusion that the trusts were created to prevent creditors or the trustee from exercising their rights against the property. The Bankruptcy Judge was justified in finding that the trusts were a sham since the debtors appointed themselves as trustees and retained possession and enjoyment of the property. Moreover, the trusts terminated at the death of the settlors; therefore, the beneficiaries never received any benefit from the trusts—either during the lifetime of the settlors or after their death. The trusts had no *inter vivos* or *mortis causa* purposes.

Judge Kingsmill was justified in finding that the trustee had proven a case under section 548(a)(1) of the Bankruptcy Code.

Section 548(a)(1) states:

§ 548. Fraudulent transfers and obligations.

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;

Finally, the Court notes the final sentence of Bankruptcy Rule 8013 relating to appeals:

... Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

In this case, Judge Kingsmill obviously doubted the credibility of the Nemeroffs and, based on substantial evidence, concluded that the trusts were a sham to hinder and defraud creditors. The Court finds no basis to disturb these findings.

WHEREFORE, the Judgment of the Bankruptcy Court is AFFIRMED. The Appeal is REJECTED. The Clerk of Court is

instructed to prepare judgment in accordance with this Opinion.